# CIRCUIT COURT OF THE CITY OF RICHMOND

George R. Leach

 v.

Virginia State Bar,
Harry M. Hirsch,
Roscoe B. Stephenson, III,
William C. Boyce, Jr.,
Chester J. Cahoon,
Robert E. Eicher,
and David R. Shultz

June 8, 2007

Case No. CL07-1395

BY JUDGE T. J. MARKOW

The parties appeared on May 18, 2007 and were heard on the issues raised in the Demurrers, Pleas of Immunity and Statutes of Limitation, and Motion to Quash Service upon Chester Cahoon and argument was heard.

The Motion for Judgment includes six counts: Count One: Pecuniary Damages at Law; Count Two: Civil Conspiracy to Injure Another in his Profession; Count Three: Defamation; Count Four: Liability for Defamatory Material on the Internet; Count Five: Intentional Infliction of Emotional Distress; and Count Six: Equitable Relief.

All of the counts alleged in the Motion for Judgment relate to the disciplinary proceeding underlying the revocation of Plaintiff's bar membership. On August 21, 2003, Plaintiff was disbarred for, *inter alia*, improperly continuing representation in a manner that is illegal or inconsistent with the disciplinary rules and for professional misconduct. The Order of

Revocation of Plaintiff's license to practice law became final on March 15, 2004, when the Supreme Court of Virginia dismissed Leach's appeal from the Disciplinary Board's decision.

Defendant Harry Hirsch, an employee of the Virginia State Bar, served as the prosecutor in the disciplinary hearing. Defendants Stephenson, Boyce, Eicher, and Schultz were all members of the Board that presided over the disciplinary proceeding. In his Motion for Judgment, the plaintiff alleges that certain injuries were caused by the actions of the Board, the Bar, and the prosecutor either during or as a result of the disciplinary proceeding.

According to the Motion for Judgment, all actions taken by Defendant Hirsch that were alleged to have caused the Plaintiff injury were done while Defendant Hirsch was acting in a prosecutorial capacity during the disciplinary hearing. In accordance with *Andrews v. Ring*, 266 Va. 311, 320-21, 585 S.E.2d 780, 784-85 (2003), prosecutorial immunity applies to Defendant Hirsch and the applicable Plea in Bar is sustained.

Defendants Stephenson, Boyce, Eicher, and Schultz were acting in a quasi-judicial capacity when they took the actions that Plaintiff alleges caused him injury; they all were serving on the Board that presided over Plaintiff's 2003 disciplinary hearing. The Defendants are entitled to quasi-judicial immunity if they were performing judicial functions, acting within their jurisdiction, and acting in good faith. *Harlow v. Clatterbuck*, 230 Va. 490, 493, 339 S.E.2d 181, 184 (1986). Although the Plaintiff does allege bad faith, generally, he does not allege any specific facts that would support that allegation of bad faith by the members of the Disciplinary Board. The Disciplinary Board, of which the Defendants were members, is vested with judicial authority to hear evidence, decide cases, and impose sanctions. Its functions are judicial in nature and its members have the authority to impose discipline upon attorneys such as that complained of by the Plaintiff. Defendants' Plea of immunity is sustained.

With regards to Count Two, the civil conspiracy count, Plaintiff alleges that the following Defendants: Hirsch, the Board, and the Virginia State Bar, conspired against him in violation of Va. Code Ann. §§ 18.2-499 and 18.2-500. As the Defendants argue in their demurrer, all of the Defendants were of one entity, i.e. the Virginia State Bar, Mr. Hirsch, a Virginia State Bar employee, and the members of the Disciplinary Board. An entity cannot conspire with itself. The demurrer to Count Two is sustained.

Furthermore, all of the facts alleged in the Motion for Judgment have been adjudicated in the course of the Virginia State Bar disciplinary proceeding. Because a Final Order has been entered in that proceeding and appeals from that decision have been exhausted, Plaintiff cannot re-litigate

those issues under the guise of this civil suit. It is apparent from the allegations in the Motion for Judgment, that this suit is barred by collateral estoppel. Therefore, the demurrers to all six counts of their Motion for Judgment are sustained.

As previously mentioned, Count Four is based on Liability for Defamatory Material on the Internet. The material on the Internet that Plaintiff alleges is defamatory is the notice on the Virginia Bar website that Plaintiff was disbarred. Plaintiff was indeed disbarred, as he admits in his Motion for Judgment. Because the truth is a defense to defamation, this count cannot stand. Count Four is dismissed for the failure to state a claim for which relief can be granted.

Counts One, Three, and Five attempt to allege tortious conduct resulting in personal injury. The conduct complained of occurred more than two years before this complaint was filed. The Pleas of Statute of Limitations are sustained to these Counts.

Finally, because Chester Cahoon is deceased, and the motion is unopposed by Plaintiff, Defendants' Motion to Quash Service upon Chester Cahoon is sustained.

Because of the Court's rulings on the previous pleas in bar and demurrers, the Court need not reach the merits of the remaining pleas in bar or demurrers.

The Complaint is hereby dismissed with prejudice. The objections of George R. Leach are noted. Copies of this order are mailed this day to counsel of record.